A. S. LATHROP, ADM'R, v. T. G. MASTERSON.

SURETY—ADMINISTRATION SALE.—In a suit against a surety upon a note executed for land sold at administration sale, the principal in the note being dead, and neither his administrator nor heirs being parties, the surety cannot set up the invalidity of the sale as a defense.

APPEAL from Brazoria. Tried below before the Hon. George Quinan, special judge.

Lathrop, administrator of the estate of J. T. Sanford,

brought suit against Thomas G. Masterson on a promissory note executed by one J. L. Overton, Masterson, and one A. E. Westall. The petition alleged that the note was executed for the purchase-money of lots 1, 2, 7, and 8 in block 36, in the town of Brazoria, sold by plaintiff as administrator to said J. L. Overton ; that a mortgage lien was retained on said lots to secure the note ; that Overton was dead, and that his widow, Martha, was his administratrix ; that the note had been established as a privileged claim against Overton's estate. Judgment was asked for the amount of the note and to enforce the lien.

Masterson pleaded that the note was executed in consideration of the homestead of Sanford, and that deceased had left two minor children his heirs, and that his estate was insolvent, and that the sale by Lathrop was void.

The answer was held insufficient, and judgment was rendered for the plaintiff. On the trial the note and mortgage were introduced in evidence, and on the part of defendant that the said lots were the homestead of Sanford, and that he left two minor children, who are still living.

*Thomas G. Masterson,* for appellant.

*E. Wilson,* for appellee.

GOULD, ASSOCIATE JUSTICE.—Where the purchaser at administration sale is satisfied with his title and retains possession under his purchase, it is not competent for his surety to set up as a defense that the sale was invalid ; at all events, not without making his principal a party to the suit.

In this case it appeared from the averments of the petition that Overton, the purchaser, was dead, and that the note sued on had been established against his estate as a valid claim, secured by lien on the lots bought. Masterson, one of the sureties on the note, being alone sued, his defense was, that the lots sold were the homestead of the intestate at the time of his death, and were still subject to the home-

stead claim of his minor children. We do not think this a defense which he could set up whilst the estate of his principal continued in the possession of the lots bought, and the validity of the sale was not only not impeached by the representative of the estate, but was indeed affirmed by the acceptance of the note as a valid claim. It is unnecessary to inquire whether, if this defense had been set up by the purchaser, it would have been sufficient without some allegation of fraud or mistake, or without further averments showing that the sale had not been made to satisfy a vendor's lien on the homestead, or was not otherwise in the exercise of the legitimate powers of the court. We think the special answer set up no valid defense, and the judgment is affirmed.

AFFIRMED.