## SEABRON GARNET v. THE STATE.

1. ADMINISTERING POISON.—Though true that, if death ensued from maliciously administering poison, the offense would be murder, yet it is not true that, when death does not ensue, the offense is an assault with intent to murder, or an assault of any kind.

2. SAME—CHARGE OF THE COURT.—On the trial of an indictment founded on Article 537 of the Penal Code (Pasc. Dig., Art. 2198), for administering poison with intent to kill or injure, it being in evidence that death had not ensued, the court below gave in charge to the jury the law applicable to assault with intent to murder. *Held,* that notwithstanding the law charged to the jury was less penal than that applicable to the offense charged in the indictment, and notwithstanding the punishment assessed by the jury was the minimum incident to either offense, yet the conviction must be reversed, because the law applicable to the case was not charged to the jury, and because the law charged to the jury was the law applicable to a different offense than that charged in the indictment.

APPEAL from the District Court of Goliad. Tried below before the Hon. D. D. CLAIBORNE.

*E. R. Lane,* for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WINKLER, J.   The appellant was tried and convicted on a charge substantially as follows, after certain formal averments and a statement as to time and place : " Unlawfully, willfully, feloniously, and of his malice aforethought, did, by administering poison, to wit, a large portion of strychnine, to one Andrew Garcia, attempt then and there him, the said Andrew Garcia, to murder, said strychnine being then and there administered by him, the said Seabron Garnet, by putting a large quantity in a cup of coffee prepared for said Andrew Garcia, a portion of which said coffee he, the said Andrew Garcia, did then and there drink, from the effects of which he was made very sick," etc.

This is a prosecution under Article 537 of the Penal Code (Pasc. Dig., Art. 2198), as follows : " If any person shall mingle any poison, or any other noxious potion or substance, with any drink, food, or medicine, with intent to kill or injure any other person, or shall willfully poison any spring, well, cistern, or reservoir of water, with such intent, he shall be punished by imprisonment in the penitentiary not less than two nor more than ten years."

The offense here charged appears, from the record, to have been considered and treated in the court below as an assault with intent to murder.   This is evinced by the charge of the court.   The law of murder is set out in the charge, which is followed by an instruction as to what acts will constitute an assault, and an assault and battery ; and the jury was also charged as follows : " The law further provides that, if any person shall assault another with intent to murder, he shall be punished by confinement in the penitentiary for a period not less than two nor more than seven years.   *   *   *   When an attempt is made to kill another by administering poison to him, and death does not result

therefrom, such an attempt to kill would be an assault with intent to murder.''

And again : '' If the jury believe, from the evidence, that the defendant is guilty as charged in the indictment, they will so state by their verdict, and assess his punishment at confinement in the penitentiary for not less than two nor more than seven years.''

In entering the judgment the case is entitled, ''*The State of Texas* v. *Seabron Garnet;* assault with intent to murder.''

To our minds the case was totally misapprehended on the trial below. The offense mentioned in the statute above quoted is not an assault with intent to murder. The law defines a different offense, and prescribes a different penalty than is affixed to an assault with intent to murder. Whilst it is true that, if death should result from the character of act set out in the indictment, the killing would be murder, and whilst it is true that one who assaults another with intent to take life would be guilty of an assault with intent to murder, if the circumstances were such that, if death had ensued, the killing would have been murder, still it does not follow that the offense described in the statute is, or can be, an assault with intent to murder, or any other kind of an assault.

An assault is thus defined: ''Any attempt to commit a battery, or any threatening gesture showing in itself, or by words accompanying it, an immediate intention, coupled with an ability, to commit a battery, is an assault.'' And the use of any unlawful violence upon the person of another, with intent to injure him, whatever be the means or degree of violence used, is an assault and battery. Pasc. Dig., Art. 2137. Or, as Mr. Wharton, in American Criminal Law, section 1341, says, '' an assault is an intentional attempt by violence to do an injury to another.''

'' If any person shall assault another, with intent to murder, he shall be punished by confinement in the peniten-

tiary not less than two years nor more than seven years.. If the assault be made with a bowie-knife or dagger, or in disguise, the punishment shall be doubled.'' Pasc. Dig., Art. 2155. In other words, if any person shall make an attempt to commit a battery, or make use of any threatening gesture, showing in itself, or by words accompanying the attempt to commit a battery or the threatening gesture, an immediate intention, coupled with the ability, to commit a battery, with intent to murder, he would be. guilty of an assault with intent to murder; which manifestly carries with it the idea of intended immediate personal violence, by the person making the assault, upon the person assaulted. The punishment prescribed for this offense is not less than two years' nor more than seven years' confinement in the penitentiary; whilst the offense described in the Article quoted above, and which is the only foundation upon which this prosecution can rest, does not contemplate the immediate employment of personal violence in the perpetration of the crime, nor does the law prescribe the same penalty as that provided for assault with intent to murder. The punishment for the one is fixed, as before stated, at not. less than two years' nor more than seven years' confinement. in the penitentiary; the punishment attaching to the other is confinement in the penitentiary not less than two years. nor more than ten years.

It will be seen that the offense set out in Article 2198 is. not only a different, but, in the estimation of the law-giver, a. more heinous offense than that of an assault with intent to murder, the maximum punishment being imprisonment in the penitentiary for a period of three years longer for this. offense than is prescribed for the other.

By this statute, in order to render the offense complete,. it is sufficient that the perpetrator shall mingle any poison,. or other noxious potion, with any drink, food, or medicine,. with intent to kill or injure any other person. It is not.

required that he should intend to murder, or to inflict serious bodily injury.

It may be contended that the charge of the court, and the conviction under it, should not be disturbed for the reason that the maximum punishment stated in the charge was not so great as the punishment prescribed by the law under which the indictment was found, and, therefore, was favorable to the accused, and on this account he ought not to be heard to complain. To such a proposition it is only necessary to reply that the charge was not the law applicable to the case, and nothing but this will answer the demand of the law. A failure to instruct the jury as to the law applicable to the case has, so far, ever been held to be good ground for reversal, if taken advantage of in time. In *Buford* v. *The State*, 44 Texas, 527, it was said: "The Code requires that the law applicable to the case shall be given in charge to the jury, and, this not being done, the judgment is reversed and the cause remanded." In that case the punishment assessed was less than the law required. This rule has been followed in numerous cases decided by our supreme court, and also by this court.

We are of opinion a new trial should have been granted on the 1st ground set out in the motion for new trial, to wit, "The court erred in its charge to the jury."

The judgment of the district court is reversed and the cause remanded.

*Reversed and remanded.*